IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LOGAN DYJAK,

Plaintiff,

vs.

JOE HARPER,

Defendant.                                    Case No. 18-cv-01011-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This case was opened on April 19, 2018, after Plaintiff Logan Dyjak filed a letter with the Court indicating that he has been denied access to the courts during his detention at Chester Mental Health Center ("CMHC"). (Doc. 1). Plaintiff did not indicate whether he intended the letter to serve as his Complaint, and it did not satisfy Rules 8 or 10 of the Federal Rules of Civil Procedure. Therefore, on April 24, 2018, the Court entered an Order requiring Plaintiff to either file a properly completed Complaint or request dismissal of the action in the event this case was improperly opened. (Doc. 3). The deadline for doing so was May 22, 2018. *Id*.

Plaintiff responded by filing a series of documents, in which he explained that he was unable to file his Complaint because he lacked sufficient postage and photocopying services. (Docs. 4, 7, 10-11). Plaintiff indicated that he is given only two stamps a week at CMHC, and this postage is insufficient to mail his 250-page Complaint to the Court. *Id*. He used the stamps he was given to file other

1

pleadings necessary to move this case forward, including his Motion for Leave to Proceed *in forma pauperis* (Doc. 5) and a Motion for Recruitment of Counsel (Doc. 10). He also filed a 10-page Supplement to the original Complaint[1] on May 16, 2018, a 7-page Declaration on June 14, 2018, and another 7-page Declaration on June 28, 2018. In his most recent Declaration, Plaintiff indicated that he would begin mailing his 250-page Complaint to the Court in 36 separate batches of 7 pages each. (Doc. 11, p. 3). To date, the Court has not received any portion of the Complaint. However, the Court strongly discourages Plaintiff from mailing his voluminous Complaint to the Court over the course of 9 months, as proposed.

The Court will instead provide Plaintiff with another blank civil rights complaint form for use in preparing and filing his Complaint. Plaintiff should use the form to set forth each of his claims against the defendants in basic terms. It is not necessary to include detailed allegations or voluminous exhibits at this point in litigation. Plaintiff should simply state what each defendant did (or failed to do) to violate his federal constitutional rights. The statements in the complaint which Plaintiff makes must be simple and plain. The Court will then review the Complaint and determine whether it survives preliminary review. In addition, the Court will consider whether recruitment of counsel is necessary going forward.

In the meantime, the Court has considered whether Plaintiff's Motion for Recruitment of Counsel (Doc. 10) should be granted and determined that it is not warranted at this time. A district court faced with a request for counsel must ask

---

[1] Although this document was filed as an Amended Complaint, Plaintiff indicated that it was a supplement to the original Complaint that he still has not filed. (Doc. 4, p. 6).

2

two questions: "(1) [H]as the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (*en banc*). Although Plaintiff indicates that he has made efforts to locate counsel on his own before seeking the Court's assistance, the Court cannot analyze the difficulty of this case, either factually or legally, because Plaintiff has not provided the Court with a Complaint or other information necessary to do so. Further, Plaintiff has demonstrated his ability to consistently prepare and file well-organized and coherent pleadings. He has also met court-imposed deadlines. In fact, the only major impediment to proceeding *pro se* at this time is Plaintiff's access to stamps. However, Plaintiff's weekly stamp ration is sufficient to file a Complaint using the blank form that the Court is providing to him. For these reasons, no counsel will be recruited on Plaintiff's behalf at this time. However, the Court will revisit this decision, upon receipt of a Complaint from Plaintiff.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Recruitment of Counsel (Doc. 10) is **DENIED** without prejudice to Plaintiff renewing this motion at any time he deems it appropriate to do so during the pending litigation.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to file a "First Amended Complaint" in this case **on or before August 3, 2018**. Should Plaintiff fail to file his First Amended Complaint within the allotted time, this action will be

dismissed for failure to comply with a court order and/or prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the civil rights complaint form provided to him. He should be careful to label the pleading, "First Amended Complaint," and he must list *this* case number (Case No. 18-01011-DRH) on the first page. To enable Plaintiff to comply with this Order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

In the amended complaint, Plaintiff must, at a minimum, describe the actions taken by each defendant that resulted in the deprivation of his federal constitutional rights. He should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits or including any other unrelated claims in his amended complaint. **Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.**

An amended complaint supersedes and replaces all prior versions of the complaint, rendering them void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading. Finally, the First

4

Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A or 28 U.S.C. § 1915(e).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.07.03
13:14:43 -05'00'

**United States District Judge**