IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LOGAN DYJAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:18-CV-1011-MAB |
| | ) |
| JOSEPH HARPER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on the Bill of Costs filed by Defendants Joseph Harper, Gregory Scott, Bree Barnett, Shirley Forcum, and Laurie Irose (Doc. 153) and Plaintiff's objections thereto (Doc. 155). For the reasons explained below, Plaintiff's objections are overruled in part and Defendants are awarded a portion of their costs.

Plaintiff Logan Dyjak filed this lawsuit against officials at Chester Mental Health Center, alleging that he suffered a wide range of mistreatment while a resident at Chester regarding the conditions of his confinement, his diet, his medical care, and his access to personal property (*see* Doc. 145; Doc. 85). Defendants Harper, Scott, Barnett, Forcum, and Irose moved for summary judgment and their motion was granted (Docs. 131, 145). The case was dismissed, and judgment was entered in these Defendants' favor on February 28, 2022 (Doc. 146).

Defendants filed their Bill of Costs on April 12, 2022, seeking a total of $1,917.20 for the cost of the court reporter's appearance fee at Plaintiff's deposition, which spanned

two days, and the deposition transcripts (Doc. 153). Plaintiff's recruited counsel filed a timely objection on his behalf (Doc. 155). Counsel indicates that Plaintiff is incarcerated and will continue to be incarcerated for the foreseeable future,[1] and he was also granted indigent status when this case was filed. Plaintiff argues these two facts show that he is not able to pay this bill of costs now or in the future. Furthermore, Plaintiff argues that his claims were not frivolous and were brought in good faith against Defendants, and the issues raised by his claims were close, as evidenced by one Defendant settling with him prior to this Court's summary judgment ruling. Plaintiff asks the Court to sustain his objections and deny Defendants their costs, or in the alternative, to reduce the amount of costs owed.

## DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. There is a "strong presumption that the prevailing party will recover costs . . . ." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997); *accord Lange v. City of Oconto*, 28 F.4th 825, 845 (7th Cir. 2022); *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). The burden is on the non-prevailing party to overcome this presumption by making "an affirmative showing that taxed costs are not appropriate." *Lange*, 28 F.4th at 845 (citation omitted);

---

[1] Plaintiff was involuntarily committed to the Illinois Department of Human Services in February 2013 after he was found not guilty by reason of insanity on charges not otherwise disclosed. (Doc. 132-1, pp. 14–18).

*Rivera*, 469 F.3d at 636. "This presumption in favor of awarding costs 'is difficult to overcome'; therefore, 'the court must award costs unless it states good reasons for denying them.'" *Lange*, 28 F.4th at 845 (quoting *Weeks*, 126 F.3d at 645). The decision of whether and to what extent the prevailing party may be awarded costs is committed to the district court's discretion. *Lange*, 28 F.4th at 846; *Weeks* 126 F.3d at 945.

The presumption that costs are to be awarded to the prevailing party can be overcome by a showing of indigency. *Rivera*, 469 F.3d at 634 (citing *Badillo v. Cent. Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983)); *Weeks* 126 F.3d at 945. Indigence, however, "does not automatically excuse the losing party from paying the prevailing party's costs." *Rivera*, 469 F.3d at 635. In determining whether to hold an indigent party liable for costs, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Id.* (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). The burden is on the indigent party "to provide the district court with sufficient documentation to support such a finding," in the form of "an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Rivera*, 469 F.3d at 635 (internal quotation marks and citation omitted). Next, the district court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.* "No one factor is determinative." *Id. See also Lange*, 28 F.4th at 846 ("A showing of good faith alone, however, is insufficient to shield a losing litigant from paying costs.") (citation omitted).

Here, Plaintiff was granted pauper status when this action commenced, and he had no money in his trust fund (Docs. 8, 9, 11, 16, 18, 45). Plaintiff has remained continuously committed throughout the course of this litigation. Plaintiff did not, however, include any documentation regarding his income or expenses with his Objections to Defendants' Bill of costs (*see* Doc. 155). The Court notes that when Plaintiff filed his appeal in this case in mid-March 2022, he paid the filing fee in its entirety, but the Court does not know any details as to where the money came from. Additionally, orders and documents filed in Plaintiff's other cases do not provide complete (or consistent) information about Plaintiff's financial status in the spring of 2022. *See Dyjak v. Doe, et al.*, CDIL Case No. 22-cv-3056-CRL (Order dated August 8, 2022, assessing an initial partial filing fee of $116.67 which represented 20% of his average monthly deposits or his average monthly balance for the six-month period immediately preceding the filing of his complaint on April 14, 2022); *but see Dyjak v. Reed, et al.*, CDIL Case No. 22-cv-3020-CRL (Order dated May 20, 2022, declining to assess a reduced filing fee because "plaintiff's ledgers for the past six months show an average monthly income of $1.00 or less.");[2] *see also Dyjak v. Wilkerson, et al.*, CDIL Case No. 20-cv-3159 (Doc. 39) (motion for leave to appeal in forma pauperis filed June 16, 2022, that Plaintiff's only source of income in the past 12 months was a $3,500 settlement, which had all been spent on federal filing fees, and that Plaintiff currently had a little over $100 in his trust fund); *Dyjak v. Austin, et al.*, CDIL Case No. 21-cv-3084-JES (Doc. 13) (motion for leave to appeal in forma

---

[2] The actual trust fund statements in CDIL cases 22-cv-3056-CRL and 22-cv-3020-CRL are sealed and the Court is unable to view them.

pauperis filed Sept. 23, 2022, stating similar information). Based on all of the available information, the Court is unable to determine that Plaintiff was wholly incapable of paying Defendants' costs at the time they were sought in April 2022. As for his future ability to pay Defendants' costs, it stands to reason that Plaintiff will not be capable of paying Defendants' costs so long as he remains involuntarily committed with no source of income.

With respect to the other factors the Court must consider, Defendants seek a total of $1,917.20. That sum, while not astronomical, is substantial to a civil detainee proceeding *in forma pauperis.* Furthermore, the Court finds that this action was not frivolous and believes Plaintiff's pursuit of this action was in good faith. While he reached a settlement with Defendant Maxine Murphy (*see* Docs. 135, 136), the issues presented as to Defendants Harper, Scott, Barnett, Forcum, and Irose were not close or difficult in light of all the evidence, and Plaintiff did not prevail on any of his claims. For that reason, the Court concludes that Plaintiff should not be completely relieved of the obligation to pay Defendants' costs. *See Luckey v. Baxter Healthcare Corp.*, 183 F.3d 730, 734 (7th Cir. 1999) ("Someone has to bear the costs of litigation, and the winner has much the better claim to be spared them . . . . Straitened circumstances do not justify filing weak suits and then demanding that someone else pay the bill.").

For these reasons, the Court overrules Plaintiff's objection to costs, but will reduce the amount he owes to 20% of the requested costs, which the Court finds reasonable under the circumstances. That amount allows Defendants to recover a portion of the costs they were forced to incur and imposes a measure of accountability on Plaintiff.

## CONCLUSION

The Court **OVERRULES in part** Plaintiff's objection to costs and reduces the amount he owes to 20% of the requested costs. The Court **ORDERS** an award of costs in the amount of $383 for Defendants Harper, Scott, Barnett, Forcum, and Irose. The Clerk of Court shall tax costs in these amounts against Plaintiff.

**IT IS SO ORDERED.**

**DATED: October 6, 2023**

                                                     s/ Mark A. Beatty
                                                   **MARK A. BEATTY**
                                                   **United States Magistrate Judge**